**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **CATHY KING and STEVE KING,**<br><br>          **Plaintiffs,**<br><br>     **vs.**<br><br>**PFIZER, INC., WYETH, LLC, WYETH PHARMACEUTICALS, INC., SCHWARZ PHARMA, INC., PLIVA, INC., and JOHN DOE PHARMACEUTICAL COMPANIES 1-40,**<br><br>          **Defendants.** | **8:13CV290**<br><br><br>**ORDER** |

This matter is before the court on the plaintiffs' Unopposed Motion to Extend Certain Case Progression Deadlines (Filing No. 96).

The plaintiffs originally filed this action in the District Court of Lancaster County, Nebraska, on August 7, 2013. **See** Filing No. 1-13. The matter was removed to this court on September 17, 2013. **See** Filing No. 1. On January 24, 2014, the court entered an initial progression order formally commencing discovery. **See** Filing No. 35. At that time, the court scheduled a telephone planning conference for June 25, 2014, to review the preparation of the case and scheduled trial. **Id.** Due to discover-related product identification issues, the court granted an extension of the early discovery deadlines and moved the planning conference to January 7, 2015. **See** Filing Nos. 42-45. In September 2014, the court granted the defendants' motion to extend the product identification summary judgment motion deadline. **See** Filing No. 52. In November 2014 the expert discovery and deposition deadlines were extended. **See** Filing No. 56. On January 7, 2015, the court entered an order setting the summary judgment deadline for July 15, 2015, and scheduling another planning conference for August 17, 2015. **See** Filing No. 59. On April 3, 2015, the plaintiffs filed an unopposed motion to extend deadlines. See Filing No. 67. The court held a telephone conference with the parties and entered a progression order moving the summary judgment deadline to May 13, 2016, the discovery deadline to April 1, 2016, expert witness disclosure deadlines, and

moving the telephone planning conference up to June 17, 2016. **See** Filing No. 69. Subsequently, in November 2015, the plaintiffs moved for a thirty-day extension of the expert disclosure deadlines, which was granted. **See** Filing Nos. 73-74. On March 2, 2016, the defendants sought an extension of expert disclosure, discovery, and dispositive motion deadlines. **See** Filing No. 92. The court granted the extensions sought including allowing the parties until May 13, 2016, to complete depositions and until June 13, 2016, to file motions for summary judgment. **See** Filing No. 93.

On March 29, 2016, the plaintiffs filed the instant motion seeking to again extend deadlines including those for fact discovery, expert designations and discovery, and dispositive motions. **See** Filing No. 96. Specifically, the plaintiffs seek an extension of the discovery deadlines for fact and expert discovery until July 1, 2016, and December 15, 2016, respectively. *Id.* at 2. Additionally, the plaintiffs seek an extension of the summary judgment deadline until January 20, 2017. *Id.* The plaintiffs suggest the case may be ready for trial in June 2017. *Id.*

As justification for these new deadlines, the plaintiffs' attorney states this is a complex pharmaceutical injury case and he is a solo practitioner handling several cases involving the same prescription medication. *Id.* at 1. The plaintiffs suggest coordinating this case with another case, outside this district but involving the same defendants, would allow counsel to better utilize limited resources. *Id.* at 1-2. The plaintiffs describe discovery completed as including written discovery, collection of medical and other records, and depositions of the plaintiffs, two treating physicians, and four designated expert witnesses. *Id.* at 2. The plaintiffs also mention they have four additional depositions scheduled in the coming weeks. *Id.*

The court cannot grant the extension sought by the plaintiffs. Rule 16(b)(4) requires the parties show good cause justifying any modifications to a scheduling order. **See** Fed. R. Civ. P. 16(b); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also *Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Here, the moving parties fail to provide good cause for the inadequate discovery completed to

date or the lengthy extension of time requested.  Inadequate preparation and aligning this case with another case, outside the district, provide insufficient justification for prolonging these proceedings, which have been pending nearly three years. Accordingly,

**IT IS SO ORDERED**.

The plaintiffs' Unopposed Motion to Extend Certain Case Progression Deadlines (Filing No. 96) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 30th day of March, 2016.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge