IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHY KING, AND an individual; and STEVE KING, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC., WYETH, LLC, WYETH PHARMACEUTICALS, INC., SCHWARZ PHARMA, INC., PLIVA, INC., JOHN DOE PHARMACEUTICAL COMPANIES 1-40, MONTE SCOTT, AND MD; and ACURA PHARMACEUTICALS INC.,<br><br>Defendants. | 8:13CV290<br><br>MEMORANDUM AND ORDER |

This Matter is before the Court on the Parties' Joint Objection to Magistrate Judge's Order Denying Unopposed Motion to Extend Certain Case Progression Deadlines (Filing No. 100) ("Objection"). For the reasons stated below, the Objection will be overruled.

**BACKGROUND**

Cathy and Steve King (collectively "Plaintiffs") originally filed this action in the District Court of Lancaster County, Nebraska on August 7, 2013. (Filing No. 97 at 1.) The matter was removed to this Court on September 17, 2013. (*Id.*) The Court entered an initial progression order commencing discovery on January 24, 2014, and scheduled a telephone planning conference for June 25, 2014. (*Id.*) Due to product identification issues encountered in early discovery, the Court granted an extension of the discovery deadlines and delayed the planning conference until January 7, 2015. (*Id.*) In September of 2014, the Court granted Defendants' motion extend the summary judgment motion deadline. (*Id.*; *see* Filing No. 52.) In November of 2014, the Court

extended the expert discovery and deposition deadlines. (Filing No. 97; *see* Filing No. 56.)

On January 7, 2015, the Court set the summary judgment deadline for July 15, 2015, and scheduled another planning conference for August 17, 2015. (Filing No. 97; *see* Filing No. 59.) On April 3, 2015, Plaintiff filed an unopposed motion to extend deadlines. The Court entered a progression order, which set the summary judgment deadline for May 13, 2016, the discovery deadline for April 1, 2016, and the telephone planning conference for June 17, 2016. (Filing No. 97; *see* Filing No. 69.)

In November of 2015, Plaintiffs moved for a thirty-day extension of the expert disclosure deadlines, which the Court granted. (Filing No. 97; *see* Filing Nos. 73 & 74.) On March 2, 2016, Defendants moved to extend of expert disclosure, discovery, and dispositive motion deadlines, which the Court granted, including allowing the parties until May 13, 2016, to complete depositions and until June 13, 2016, to file motions for summary judgment. (Filing No. 97; *see* Filing No. 92 & 93.)

On March 29, 2016, Plaintiffs moved the Court without opposition to extend several deadlines, including those for fact discovery until July 1, 2016, those for expert designations and discovery until December 15, 2016, and those for summary judgment until January 20, 2017. (*See* Filing No. 96.) Plaintiffs suggested in their motion that the case may be ready for trial in June of 2017. (Filing No. 97; *see* Filing No. 96.) Plaintiffs argued that the extension was merited because Plaintiffs' counsel is a solo practitioner, who is presently handling several complex cases involving the same prescription medication at issue in this case, and because the extension will allow Plaintiffs to

coordinate this case with a case in another district involving the same defendants, conserving judicial resources. (*See* Filing No. 96.)

On March 30th, 2016, Magistrate Judge Thalken denied Plaintiffs' Motion, stating that Plaintiffs' proffered reasons for the extension did not constitute good cause under Federal Rule of Civil Procedure 16(b). (Filing No. 97 at 2–3 (citing Fed. R. Civ. P. 16(b); *Bradford v. DANA Corp.*, 249 F.3d 807, 809–10 (8th Cir. 2001); *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." (internal quotation marks omitted))).) Specifically, Judge Thalken noted that Plaintiffs had not established good cause for the inadequate discovery completed up to that point and the need for the lengthy delay requested. (*Id.*) On April 8, 2016, the Parties jointly objected to Magistrate Judge Thalken's order. (*See* Filing No. 100.)

**STANDARD OF REVIEW**

A district judge must consider timely objections to orders of magistrate judges in nondispositive matters and "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

**DISCUSSION**

Under Rule 16(b)(4), "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)), *abrogated on other grounds by Rivera v. Illinois*, 556 U.S. 148

3

(2009). "The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence." *Loseke v. Depalma Hotel Corp.*, No. 4:13CV3191, 2014 WL 1615627, at *1 (D. Neb. Apr. 22, 2014) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). The good-cause standard is intended to allow some flexibility for modification, "because scheduling these items at an early point may not be feasible or appropriate." Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment. However, "this does not mean that scheduling orders will be modified simply upon request." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1522.2 (3d ed.) [hereinafter *Wright & Miller*].

"[T]he good-cause standard will not be satisfied if the court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule" and "[a]ttorney neglect or inadvertence will not constitute good cause supporting modification." 6A *Wright & Miller* § 1522.2. Furthermore, "[a] party's assertion that further discovery is needed, without more, will not suffice." *Id.* Last, a court may consider whether previous extensions have been granted. *Id.*

The Parties argue the Objection should be sustained because observing the present deadlines will risk prejudice to Plaintiffs due to the overextension and limited resources of Plaintiffs' counsel. (Filing No. 100 at 3–4.) Specifically, Plaintiffs' counsel has a fast approaching trial in another district, also against Defendants, involving the

4

same prescription medication. (*Id.*) Plaintiffs' counsel is unable to litigate both cases simultaneously, and he claims he is unable to bring in additional counsel and get them up to speed at this late stage. (Filing No. 100-1 ¶ 3.) The Parties also state they have diligently attempted to comply with scheduling deadlines, but more time is needed to complete expert discovery. (Filing No. 100 at 4.) Last, the Parties note that the extension will allow coordination with the aforementioned case, conserving judicial resources and allowing the aforementioned case to serve as a bellwether, thus augmenting the potential for settlement. (*Id.* at 4–5.)

The Court notes, as did Judge Thalken, that this case was originally filed in 2013 and has experienced a myriad of extensions. The Parties have not established that good cause exists for further extension of case progression deadlines, nor have they established that Judge Thalken's order was clearly erroneous or contrary to law.

Accordingly,

IT IS ORDERED: The Parties' Joint Objection to Magistrate Judge's Order Denying Unopposed Motion to Extend Certain Case Progression Deadlines (Filing No. 100) is overruled.

Dated this 18th day of April, 2016

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge