IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CATHY KING, an individual, and<br>STEVE KING, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>PZIFER, INC., WYETH LLC; WYETH PHARMACEUTICALS, INC., SCHWARZ PHARMA, INC.; PLIVA, INC.; JOHN DOE PHARMACEUTICAL COMPANIES 1-40,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 8:13-CV-00290<br><br><br><br><br>**NOTICE TO TAKE DEPOSITION** |

  **PLEASE TAKE NOTICE** that Plaintiffs will take the deposition upon oral examination of **Marianne Mann, M.D.**, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure on **July 29, 2016, at 2:30 p.m.** before an officer authorized to administer oaths under the laws of the State of Nebraska at the **Offices of Kaye Scholer, 901 15th Street NW #700, Washington, DC 20005**.

  The deposition testimony shall be recorded by stenographic means and preserved by written transcript and shall be taken for the purpose of discovery, for use at trial and for such other purposes permitted by the Federal Rules of Civil Procedure or other statutes or rules of this court. The deposition shall continue from day to day until completed.

NOTICE TO TAKE DEPOSITION
Page 1 of 3

**PLEASE TAKE FURTHER NOTICE** that in connection with the taking of the deposition, the deponent shall produce the items described in Exhibit A attached hereto.

DATED July 22, 2016.

              CATHY and STEVE KING, Plaintiffs

By: REMBOLT LUDTKE LLP
   1128 Lincoln Mall, Suite 300
   Lincoln, NE 68508
   (402) 475-5100

By:   Mark R. Richardson
   Peter C. Wegman (#16685)
   pwegman@remboltlawfirm.com
   Mark R. Richardson (#24719)
   mrichardson@remboltlawfirm.com

and

Ralph D. Pittle (#1194)
MEDICAL LEGAL CONSULTANTS OF
 WASHINGTON
5355 204th Place NE
Redmond, WA 98053
425-487-4861
rpittle@mlcofwa.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert M. Slovek
KUTAK ROCK LLP
The Omaha Building
*Attorneys for Defendant Pfizer, Inc., Wyeth LLC, and Wyeth Pharmaceuticals, Inc.*

Quentin F. Urquhart, Jr.
IRWIN FRITCHIE URQUHART & MOORE LLC
and
Robert W. Shively
SHIVELY & LANNIN, PC, LLO
*Attorneys for Defendant Schwarz Pharma, Inc. (n/k/a UCB, Inc.)*

Henninger S. Bullock
Andrew J. Calica
Kari A. Gerber
MAYER BROWN LLP
*Attorneys for Defendant Schwarz Pharma, Inc. (n/k/a UCB, Inc.)*

Jill R. Ackerman
Thomas E. Johnson
Jennifer D. Tricker
BAIRD HOLM LAW FIRM
*Attorneys for Defendant Acura Pharmaceuticals, Inc.*

    Mark R. Richardson
Mark R. Richardson (#24719)

4825-8072-6069, v. 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| CATHY KING and STEVE KING ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| PFIZER, INC., et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MARIANNE MANN, M.D.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.

| Place: 901 15th Street NW #700 Washington, DC 20005 | Date and Time: 07/29/2016 2:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/22/2016

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mark R. Richardson (#24719) Rembolt Ludtke LLP, 1128 Lincoln Mall, Suite 300, Lincoln, NE , who issues or requests this subpoena, are: (402) 475-5100 mrichardson@remboltlawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

1. Deponent's *curriculum vitae* and bibliography.

2. All records, including medical and prescription records, for **Cathy King** in deponent's possession.

3. Any and all educational materials, counseling materials, handouts, or consent forms in deponent's possession regarding Reglan and/or metoclopramide.

4. All literature from Wyeth or any other drug manufacturer regarding Reglan and/or metoclopramide within your possession.

5. Any and all materials in deponent's possession provided by counsel for Defendants, including, but not limited to, documents, correspondence, statements, transcripts, and records.

6. Any other documents relating to this action, including notes, correspondence, literature (whether medical or otherwise), and research that deponent has written, reviewed, considered or prepared in connection with this litigation.

7. All reports, draft reports, iterations of reports, inserts to reports, red-lined versions of reports, and/or modifications or supplements to reports prepared by or provided to the deponent regarding his testimony in this litigation.

8. Any and all publications written by, quoting, or otherwise mentioning the deponent that are relevant to the issues in this litigation.

9. Copies of any articles, texts, treatises, or other publications authored in whole or in part by the deponent which relate to or bear on the issues involved in this case.

10. Copies of any articles, texts, treatises, or other publications established, or to be established, as a reliable authority by the testimony of the deponent.

11. Copies of any articles, texts, treatises, or other publications on which the deponent has been or will be asked to express an opinion concerning authority, reliability, or agreement with any statement in the work.

12. Copies of any articles, texts, treatises, or other publications reviewed by the deponent in connection with her or his work in this case.

13. Copies of any articles, texts, treatises, or other publications relied on by the deponent to any degree for the opinions she or he has formed in connection with this case.

14. All bills that you prepared relating to you work on this case including an itemized billing for the time the deponent spent on this case after submitting your report to prepare for your deposition.